James W. JOSEY, Appellant,

v.

UNITED STATES BOARD OF PAROLE et al., Appellees.

No. 17243.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 4, 1963.

Decided June 13, 1963.

Mr. Frank H. Strickler, Washington, D. C. (appointed by this court) for appellant.

Mr. Gerald P. Choppin, Attorney, Department of Justice, of the bar of the Supreme Court of Louisiana, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. Burke Marshall, Messrs. David C. Acheson, U. S. Atty., and Harold H. Greene, Attorney, Department of Justice, were on the brief, for appellees. Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellees.

Before BAZELON, Chief Judge, and FAHY and WRIGHT, Circuit Judges.

PER CURIAM.

In Hyser et al. v. Reed, 115 U.S. App.D.C. ——, 318 F.2d 225 (1963), this court said that where a parolee had denied a violation of his parole conditions he was entitled to have the District Court, upon remand, pass upon the need for a "preliminary interview-hearing" in ·or near the locality of the alleged parole ·violation. And it was said also that the ·parolees whose cases were remanded (Whitling in No. 16811 and Jameson in No. 17059) would have the opportunity to advise the District Court what voluntary witnesses would be called and what information they would provide bearing on the question of a suspected parole violation. It was implicit in this ruling that some showing should be made by the parolee to justify requiring the Board to provide the kind of preliminary hearing referred to, so that the fact of a violation might be determined prior to the parolee being taken to a penitentiary where the presence of witnesses on his behalf would prove difficult to obtain, and prior also to Board consideration whether the parole should be revoked.

The above considerations apply to this case. No doubt such preliminary hearing will be a matter of course in future cases.

If the District Court finds that the parolee no longer persists in his innocence of a violation, or if he otherwise indicates a desire to waive the local hearing, then of course the court need not order such a hearing. Otherwise an order could issue on the facts already of record, should nothing to the contrary in the meantime be made to appear. The order would need to direct the place and time of the hearing and, in lieu of the warrant which in the usual course would serve this purpose, the order would apprise the parolee "of the grounds with such specificity as to events, places, dates and names as will enable the parolee to meet the claim that he has violated a condition of parole." Hyser v. Reed et al., supra, 318 F.2d at 245.

The case will be remanded for further proceedings not inconsistent with this opinion and the opinion in Hyser, et al.

Reversed and remanded.