Philip J. MAINER, Plaintiff-Appellant,

v.

UNITED STATES ATTORNEY GENERAL, Defendant-Appellee.

No. 29386

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 22, 1970.

Albert H. Hanemann, Jr., New Orleans, La. (Ct. Appt.), for appellant.

Gerald J. Gallinghouse, U. S. Atty., Eastern Dist. of La., James D. Carriere, Asst. U. S. Atty., New Orleans, La., for the United States.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ We have directed the Clerk to place this case on the Summary Calendar in accordance with the Fifth Circuit Rule 18.

Philip J. Mainer appeals from an order of the district court denying in part the relief requested. We affirm.

May 1965, the appellant was convicted and sentenced to five years for transferring counterfeit Federal Reserve Notes. March 1966, he was convicted and sentenced to a second five year term for possessing counterfeit Federal Reserve Notes. The sentences were to run concurrently.

April 9, 1969, the appellant was released from custody under 18 U.S.C. §§ 4161–4166. August 30 he was arrested in Raceland, Louisiana, on charges of burglary. September 10 a violator warrant was issued by the United States Board of Parole in Washington directing the United States Marshal in New Orleans to assume custody of Mainer. He was arrested and brought to New Orleans on September 15. The next day, a United States Probation officer conducted a preliminary interview. Mainer was advised of his right to a local revocation hearing; his right to be represented by counsel and his right to have witnesses testify on his behalf. He denied violating the conditions of his release and requested a local hearing at which he could have an attorney present. A hearing was scheduled for October 31 in New Orleans.

October 30 Mainer pleaded guilty to the state charges and was sentenced to four years imprisonment. When the Parole Board was advised of Mainer's guilty plea, his local hearing was cancelled. November 24 he was removed to the Federal Correctional Institution at Texarkana, Texas. A formal revocation hearing was scheduled for January 1970. That hearing was postponed since Mainer was in New Orleans testifying in the proceedings in the district court. At the conclusion of those hearings, the district court ordered that Mainer be given a formal hearing before March 31, 1970. February 19 a formal revocation hearing was held at the Atlanta Federal Penitentiary.

On appeal, Mainer abandons his original complaint that he was denied due process of law by not being granted a speedy hearing before the Parole Board. He now argues that he was denied his right to a local revocation hearing to contest the alleged violation.

■ To assure every alleged federal parole violator due process, the United States Board of Parole adopted procedures based on Hyser v. Reed, 1963, 115 U.S.App.D.C. 254, 318 F.2d 225. These procedures require a probation officer to conduct a preliminary hearing when an alleged violator is taken into custody. The probation officer must advise the parolee that if he has been convicted of a crime or if he admits the violation of parole, he will be returned to a federal institution for a formal revocation hearing. The probation officer is then required to advise the alleged violator that if he denies he is guilty of violating the conditions of release, he will be given a local revocation hearing where he will be allowed to contest the violation by offering exculpatory evidence 28 C.F.R. § 2.-40 (1970).

If that statutory right has been denied then due process has been violated and this Court is empowered to grant relief. See Blackburn v. United States

Parole Board, 5 Cir. 1970, 429 F.2d 364; Boddie v. Weakley, 4 Cir. 1966, 356 F.2d 242.

Here, Mainer was not given a local revocation hearing. He was fully advised of the consequences of a guilty plea in regard to a local hearing, and he pleaded guilty to a felony under state law. He could no longer contest the fact of violation.

> Those who have not denied the charged violation of parole or any whose parole was revoked because of a criminal conviction would not now be benefitted by a hearing which is designed specifically to make a record only in cases where the fact of violation is controverted.

318 F.2d at 246. See also Cotner v. United States, 10 Cir. 1969, 409 F.2d 853; Starnes v. Markley, 7 Cir. 1965, 343 F.2d 535, cert. denied, 382 U.S. 908, 86 S.Ct. 246, 15 L.Ed.2d 160; Josey v. United States Board of Parole, 1963, 116 U.S.App.D.C. 8, 320 F.2d 730.

We find no error in the decision of the district court. The judgment is affirmed.