**UNITED STATES of America, Plaintiff,**

v.

**Ben W. HARTSELL et al., Defendant.**

**Cr. A. No. 6600.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Dec. 8, 1967.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mr. Hartsell is a persistent violator of the federal internal revenue laws relating to liquor. He was charged with such offenses herein in a five-count indictment, pleaded guilty to all counts, and was sentenced on October 23, 1962. He received at that time consecutive sentences of eight months, each, on three of these counts. Imposition of sentence was suspended on the remaining two counts, and he was placed on probation for a period of five years to follow his sentences aforesaid of incarceration.

After being released from incarceration and having commenced this probationary sentence, Mr. Hartsell violated the conditions of probation but, after a hearing on May 3, 1966, he was restored to active probationary status. He was arrested again on August 25, 1967 at an illicit distillery, brought before this Court on a bench warrant, and ordered to show cause why his probation should not be revoked. Appearing without counsel on October 12, 1967, Mr. Hartsell was found judicially, after testimony was received, to have again violated the terms and conditions of his probation, and was sentenced on the aforementioned remaining counts to consecutive terms of three years, each.[1] He is now serving the latter sentences.

1. Mr. Hartsell was also indicted for this new offense by a grand jury but, after the sentences herein were imposed, an order nolle prosequi was entered on motion of the prosecuting attorney as to that indictment.

The Court received a letter from the prisoner Mr. Hartsell under date of October 25, 1967, seeking an explanation of these sentences. As evidence against Mr. Hartsell had been received in the aforementioned probation revocation hearing when he was not represented by counsel, and as this Court was aware that the Supreme Court had currently before it then a similar issue, the Court took no action on Mr. Hartsell's inquiry. He inquired further by letter of November 9, 1967 and included this time a request for a reduction in sentence.

The Supreme Court announced its hopefully awaited opinion in Mempa v. Rhay and Walking v. Washington State Board of Prison Terms and Paroles on November 13, 1967. Therein, Mr. Justice Marshall, reviewing earlier decisions of the Court, stated flatly " * * * that appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected. In particular, Townsend v. Burke, supra [1948, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690], illustrates the critical nature of sentencing in a criminal case and might well be considered to support by itself a holding that the right to counsel applies at sentencing. [Footnote reference here omitted.] Many lower courts have concluded that the Sixth Amendment right to counsel extends to sentencing in federal cases.[4] * * * " 389

"4. [in original] E. g., Martin v. United States, 182 F.2d 225 [20 A.L.R.2d 1236] (C.A. 5th Cir. 1950) ; McKinney v. United States, [93 U.S.App.D.C. 222] 208 F.2d 844 (1953) ; Nunley v. United States, 283 F.2d 651 (C.A. 10th Cir. 1960)."

U.S. 128, at 134, 88 S.Ct. 254, at 257, 19 L.Ed.2d 336.

■ At first blush, the foregoing language might be accepted as holding that a federal probationer, such as Mr. Hartsell, who admits in a probation revocation hearing the violation of, or is found

judicially to have violated, the conditions of his probationary sentence, and as a consequence is sentenced, is entitled to the benefit of retained or appointed counsel.[2]   Such is not the holding, however.

  Federal courts have long held that " * * * the constitutional right to assistance of counsel in the defense of a criminal prosecution, given by the Sixth Amendment, does not apply to a hearing on a motion to revoke probation. * * * " Welsh v. United States, C.A. 6th (1965), 348 F.2d 885, 887 [5], citing, inter alia, Bennett v. United States, C.A. 8th (1947), 158 F.2d 412, 415, certiorari denied (1947), 331 U.S. 822, 67 S.Ct. 1302, 91 L.Ed. 1838; Crowe v. United States, C.A. 4th (1949), 175 F.2d 799, 801, certiorari denied (1950), 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586, rehearing denied (1950), 339 U.S. 916, 70 S.Ct. 559, 94 L.Ed. 1341.   Obviously, although accorded several opportunities to overturn this holding, the Supreme Court, by denials of certiorari, has allowed it to stand as stated by the Court of Appeals for the Sixth and other circuits.

*Welsh,* supra, is easily distinguishable from *Mempa* and *Walking,* supra. Unlike the state prosecutions in the latter cited cases, the federal probation violator in *Welsh* had been either tried and convicted (or convicted on a plea of guilty), could not have withdrawn his plea of guilty after having begun a probationary sentence, received a completely ascertainable sentence, and had no legal rights to lose, absent their exercise at the sentencing stage of the proceedings, in the sentencing process.   Also, none of the citations noted by Mr. Justice Marshall in footnote 4 of the opinion, supra, involved sentencing after revocation of probation.   Finally, the Supreme Court made it clear in its most recent proclamation that all that was being decided in those cases was that a lawyer must be present in a proceeding for a deferred sentencing procedure coupled with provisions for

probation under a state statute, whether the proceeding " * * * be labeled a revocation of probation or a deferred sentencing. * * * " 389 U.S. at 137, 88 S.Ct. at 258, concluding paragraphs.

The defendant Hartsell's letter of November 9, 1967 will be treated as a motion for a reduction in sentence, Rule 35, Federal Rules of Criminal Procedure, filed by the clerk, and afterward hereby is

Denied.

---

**2.**   This particular judge would welcome such a rule, if accompanied by the provision of counsel for indigents under the provisions

of the Criminal Justice Act, but must follow the precedent established by the Court of Appeals for this Circuit.