**Woodrow Price WILLIAMS, Appellant,**

v.

**Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Appellee.**

**No. 9486.**

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1968.

Jon D. Boltz, of Wilson, Boltz & Boyens, Denver, Colo., for appellant.

Paul D. Rubner, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., were with him on the brief), for appellee.

Before JONES *, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

After a hearing, the district court denied habeas corpus relief to appellant Williams, a prisoner in the Colorado penitentiary. He was sentenced to a term of four years and four months to ten years. At the expiration of the minimum term he was released on parole. At the request of Colorado authorities, he was arrested in New Mexico for parole violation and held there for 21 days before being returned to Colorado. The return was accomplished under the Uniform Act for Out-of-State Parolee Supervision, Colo.Rev.Stat.Ann. § 74–5–2(3) (1963), to which Colorado and New Mexico are compacting parties. The Colorado State Board of Parole revoked the parole. The prisoner asserts that he was denied his federal constitutional right to counsel during his incarceration in New Mexico and at the parole revocation hearing in Colorado.

This proceeding can only attack his imprisonment in Colorado. We are not concerned with what he might have done to attack the arrest and holding in New Mexico. It suffices to say that nothing is suggested to show that the provisions of the compact were not satisfied. The prisoner's claims that the parole revocation was not in accordance with Colo.Rev.Stat.Ann. § 39–17–4 (1963) were decided against him by the Colorado Supreme Court in Williams v. Patterson, Colo., 421 P.2d 474, and raise no federal constitutional question.

The sole issue which merits consideration is the contention that the parole revocation was invalid because at the hearing thereon the prisoner was not given the opportunity to appear with counsel. We held in Gonzales v. Patterson, 10 Cir., 370 F.2d 94, that the denial to a Colorado prisoner of assistance of counsel at a parole revocation hearing was no ground for federal habeas relief. Since that decision, the United States Supreme Court has decided Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. In that case a state court had deferred sentence and placed the defendant on probation. Later a hearing was held for revocation of probation and the defendant was not afforded the right to counsel. The court revoked the probation. The Supreme Court held that the defendant was entitled to the assistance of counsel "at the time of sentencing where the sentencing has been deferred subject to probation." We are not concerned with sentencing. No attack is made on the sentence or on the procedures connected therewith.

We are faced with a situation where the criminal case has ended and the prisoner is serving the sentence imposed. It is of little help to compare the prisoner's status before sentence with that existing after sentence. See Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 235, cert. denied sub. nom. Thompson v. United States Board of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315. Parole is a matter of grace. Colorado has entrusted the supervision of its parole system to an administrative agency. Nothing suggests that the agency acted arbitrarily or capriciously. We are unwilling to superintend the administration of a state parole system. Compare Cannon v. Willingham, 10 Cir., 358 F.2d 719, 720.

Affirmed.

* Of the Fifth Circuit, sitting by designation.