UNITED STATES of America ex rel.
Edward Joseph BISHOP

v.

Joseph R. BRIERLY.

Misc. No. 4012.

United States District Court
E. D. Pennsylvania.

Aug. 28, 1968.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Relator is presently incarcerated at the State Correctional Institution in Philadelphia where he is serving the remainder of an unexpired maximum sentence as a technical parole violator within the meaning of 61 P.S. § 331.21a(b). In his habeas corpus petition relator contends that the hearing before the Pennsylvania Parole Board which resulted in the revocation of his parole did not comport with due process since he was not represented by counsel.

In a recent decision by the United States Supreme Court, Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), the issue before the Court was whether an individual who pleads guilty to an offense, is placed on probation with sentencing deferred subject to compliance with the conditions of parole, and is subsequently sentenced during a revocation-of-probation hearing to a term of confinement, must be afforded counsel at such a hearing. The State of Washington took the position that since the sentence imposed at the revocation-of-probation hearing was mandatory the imposition of sentence following probation revocation is a "mere formality" and did not necessitate the assistance of counsel. The United States Supreme Court, although recognizing that sentencing in Washington offered fewer opportunities for the exercise of judicial discretion than in many other jurisdictions, found that while the actual term served was determined by the Parole Board it depended in large part on the recommendations of the sentencing judge. This led the Court to conclude that more than "mere formality" was involved and the necessity for the aid of counsel "* * * in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent".

It has long been held that the constitutional right to assistance of counsel in the defense of a criminal prosecution, given by the Sixth Amendment, does not apply to a hearing on a motion to revoke probation.[1] To the extent the revocation-of-probation hearing involves the deferred sentencing procedure employed in *Mempa* this general rule is not applicable. However, where the deferred sentencing procedure is not employed

---

1. See Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935) ; United States ex rel. Heacock v. Myers, 251 F.Supp. 773 (E.D.Pa.1966), aff'd 3 Cir., 367 F.2d 583, cert. denied Heacock v. Rundle, 386 U.S. 925, 87 S.Ct. 900, 17 L.Ed.2d 797; Commonwealth ex rel. Thomas v. Myers, 419 Pa. 577, 215 A.2d 617 (1966).

there still does not exist a constitutional right to the assistance of counsel at a revocation-of-probation hearing. Williams v. Patterson, 389 F.2d 374 (10th Cir. 1968); United States v. Hartsell, 277 F.Supp. 993 (E.D.Tenn.1967).

In *Mempa* the Court was principally concerned with an individual's right to counsel at the time of sentencing and was not so much concerned with an individual's right to counsel at a revocation-of-probation hearing as such. In the case at bar, relator's right to counsel at the time of sentencing was not impaired. He was not sentenced at his revocation-of-probation hearing. His present incarceration was potentially a part of the original sentence and is in execution of the original sentence previously imposed at which time he had the benefit of counsel. His original sentence was only provisionally suspended and having failed to comply with the parole regulations his present incarceration is merely the continuation of the original sentence and not the imposition of an additional sentence for the original offense. Accordingly, relator's petition for a writ of habeas corpus will be denied.

There is no probable cause for an appeal.