**Ray EARNEST, Appellant,**

v.

**J. T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 10117.**

United States Court of Appeals Tenth Circuit.

Feb. 7, 1969.

J. Stanley Gill, of Savage, Gibson, Benefield & Shelton, Oklahoma City, Okl., for appellant.

Bernard Borst, Wichita, Kan. (Benjamin E. Franklin, U. S. Atty., and Kenneth F. Crockett, Asst. U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HOLLOWAY, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from the denial of a writ of habeas corpus sought by an inmate of the United States Penitentiary, Leavenworth, Kansas. The asserted grounds for the writ are that as an indigent person petitioner was constitutionally entitled to the assistance of counsel at the hearing under 18 U.S.C. § 4207 which resulted in the revocation of his mandatory early release. He says in effect that he was entitled to a trial-type evidentiary hearing with confrontation and cross-examination of adverse witnesses in the geographic area where the alleged parole violations occurred. The District Court denied the writ relying principally on Hyser v. Reed, 115 U.S. App.D.C. 254, 318 F.2d 225(1963) which held that "due process does not require that indigent parolees be provided with appointed counsel when they appear before the Parole Board in revocation proceedings." See also Jones v. Rivers, 338 F.2d 862 (4th Cir. 1964).

We begin with the long established proposition that early release (be it mandatory release, parole or probation) and revocation hearings are matters of legislative grace not constitutionally mandated. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935). This being so the courts have been virtually unanimous in holding that there is no constitutional right to retained or appointed counsel at a parole revocation hearing. Fleming v. Tate, 81 U.S.App. D.C. 205, 156 F.2d 848 (1946); Washington v. Hagan, 287 F.2d 332 (3rd Cir. 1960); Lavendera v. Taylor, 347 F.2d 989 (10th Cir. 1966); Gonzales v. Patterson, 370 F.2d 94 (10th Cir. 1966); and Williams v. Patterson, 389 F.2d 374 (10th Cir. 1968). Nor does the most recent case of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) require a different result. As we ob-

served in Williams v. Patterson, supra p. 375, Mempa dealt with the right to "counsel 'at the time of sentencing where the sentencing has been deferred subject to probation,'" none of which is here involved.

The thrust of counsel's argument is that since the statutory "opportunity to appear," [1] though concededly not constitutionally required, has been administratively construed and applied [2] to afford a mandatory releasee an opportunity to be represented by retained counsel with voluntary witnesses in his behalf, he may not be constitutionally denied counsel because he is financially unable to retain one. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) and Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

Despite disagreement among the circuits, [3] we are satisfied that if we were only confronted with the construction of the statutory "opportunity to appear" we would have no difficulty affirming the District Court in light of our position in Lavendera v. Taylor, supra, adopting

Judge Goodrich's view in Washington v. Hagan, supra, 287 F.2d at p. 334. As he expressed it, for the Third Circuit: "The period of contentious litigation is over when a man accused of crime is tried, defended, sentenced and, if he wishes, has gone through the process of appeal. Now the problem becomes one of an attempt at rehabilitation. The progress of that attempt must be measured, not by legal rules, but by the judgment of those who make it their professional business. So long as that judgment is fairly and honestly exercised we think there is no place for lawyer representation and lawyer opposition in the matter of revocation of parole."

█ But at issue here is the question whether an agency of the Federal government can administratively afford counsel at revocation hearings to those financially able to retain one while refusing appointed counsel to those financially unable. [4] To pose the question is to answer it, for Griffin and its progeny have made it clear beyond doubt that where liberty is at stake a State may not grant to one

1. 18 U.S.C. § 4207 provides that "A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board."

2. In pertinent part 28 C.F.R. § 2.41 provides that "Each alleged * * * mandatory release violator shall be advised that he may be represented by counsel * * *; *Provided*, That the alleged violator arranges for the appearance of counsel * * *" [emphasis original]. In the Rules U.S. Parole Board, effective July 1, 1965, it expressly states that "The Board is not required to furnish counsel or witnesses and will not undertake to do so under any circumstances."

Routinely the Parole Board requests the alleged parole violator to sign a form advising the Board that he intends to hire counsel or that counsel is waived. This form specifically sets out that "Counsel will not be furnished by the Government." At all times herein relevant, the petitioner refused to sign the form and requested that counsel be appointed for him.

The regulations also provide that "If the prisoner requests a local hearing * * *

he shall be afforded [one] reasonably near the place of the alleged violation." 28 C.F.R. § 2.40. In his petition Earnest admits he was requested to sign a form electing a local or institutional revocation hearing which he refused to sign. Having been offered the regulatory alternatives he cannot now be heard to complain. Cf. Phillips v. U. S. Board of Parole, 122 U.S.App.D.C. 235, 352 F.2d 711 (1965).

3. Representative of cases holding the statutory "opportunity to appear" includes the right to retained counsel are the following: Boddie v. Weakley, 356 F.2d 242 (4th Cir. 1966); Fleming v. Tate, 81 U.S.App.D.C. 205, 156 F.2d 848 (1946); and Robbins v. Reed, 106 U.S.App.D.C. 51, 269 F.2d 242 (1957). Representative of the opposite view are Washington v. Hagan, supra, and Hodge v. Markley, 339 F.2d 973 (7th Cir. 1965). Cf. Freedom and Rehabilitation in Parole Revocation Hearings, 72 Yale L.J. 368 and annotation in 29 A.L.R.2d 1074.

4. The Court in Hyser v. Reed, supra, relied upon by the District Court, did not face the issue which is squarely presented to us and which we must decide.

even a non-constitutional, statutory right such as here involved and deny it to another because of poverty. And it goes without saying that a Federal agency may not, consistently with Fifth Amendment due process, do that which a State is forbidden to do by Fourteenth Amendment due process.[5]

■ Of course, absolute equality between the rich and the poor is not required. The discrimination must be invidious and the right asserted must be of substance and not of form. Cf. Kennedy v. Commandant, U. S. Disciplinary Barracks, Fort Leavenworth, Kan., 377 F.2d 339, 344 (10th Cir. 1967). But implicit in the regulations which afford an opportunity to have counsel is the recognition of its efficacy. A hearing where witnesses may be heard is contemplated and revocation may very well turn on the resolution of disputed facts or the emphasis to be placed on admitted facts. Ameliorating circumstances may tip the scales against revocation. In these circumstances a revocation hearing is no "perfunctory formality[6]." Nor can it be said that the assistance of counsel at such a revocation hearing is an empty ritual.[7] It may very well spell the difference between revocation and forgiveness.

■■ This is not to say, of course, that a trial-type hearing with compulsory process for witnesses is either contemplated or required. Indeed, nothing in the statutes or regulations indicate that such a hearing is contemplated for anyone nor does it mean that confrontation and cross-examination of witnesses are constitutionally required. Gonzales v. Patterson, supra. It does mean that the Board is required to provide substantially the same type hearing for one violator as another. So long as the Board allows retained counsel at revocation hearings it must provide such for those financially unable to hire one.[8]

■ We are not unaware of the Parole Board's lack of authority to appoint counsel for indigent parolees or the lack of express authority in the courts to make such appointments. Nor are we unmindful of the administrative difficulties incident to the administration of the parole statutes under circumstances requiring the appointment of counsel. But conceding that informality and administrative flexibility are essential to the proper functioning of the parole system it is only fair to observe that if time is to be taken for hearings where retained counsel appear no valid objection can be made to the time consumed in hearings with appointed counsel. Be that as it may, constitutional mandates may not be sacrificed in the interest of time or procedural difficulties. Whatever is essential to due process must be done. Powell v. Alabama, 287 U.S. 45, 60, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Where, as here, liberty is involved the courts are not impotent to take whatever steps are deemed necessary to insure con-

5. See Hurd v. Hodge, 334 U.S. 24, 35–36, 68 S.Ct. 847, 853, 92 L.Ed. 1187 (1948) where Chief Justice Vinson succinctly stated: "We cannot presume the the public policy of the United States manifests a lesser concern for the protection of * * * basic rights against discriminatory action of federal courts than against such action taken by the courts of the States." See Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). See also 48 Minn.L.R. 1, 7 and 43 Cornell L.Q. 1, 22.

6. See Chief Judge Sobeloff concurring in Jones v. Rivers, supra, 338 F.2d at p. 876.

7. Indeed, it has been said that the "opportunity to appear" necessarily means with counsel and the receipt of testimony if offered. See Fleming v. Tate, supra.

8. In Jones v. Rivers, supra, the court avoided the discriminatory issue because in that case the operative facts of the violation were admitted. But Chief Judge Sobeloff, concurring specially, was of the firm opinion that in a disputed factual case no discrimination could be constitutionally sanctioned. See also Chief Judge Bazelon and Judge Edgerton (dissenting in part and concurring in part) in Hyser v. Reed, supra, 318 F.2d at p. 254, and Gaskins v. Kennedy, 350 F.2d 311 (4th Cir. 1965).

stitutional guarantees. See Chief Judge Bazelon (dissenting in part and concurring in part) in Hyser v. Reed, supra, 318 F.2d at p. 255, footnote 26.

The judgment is reversed and remanded with instructions to fashion a remedy as "law and justice require." Section 2243 of Title 28, United States Code.