Jack L. **WILKERSON**, Petitioner,

v.

Wayne K. **PATTERSON**, Warden, Colorado State Penitentiary, Respondent.

Civ. A. No. C–1467.

United States District Court
D. Colorado.

Sept. 9, 1969.

Williams, Taussig & Trine, by John A. Purvis, Boulder, Colo., for petitioner.

Duke W. Dunbar, Atty. Gen., by George E. DeRoos, Asst. Atty. Gen., Denver, Colo., for respondent.

### MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

Petitioner herein, a state prisoner, has filed a petition seeking his release from the State Penitentiary at Canon City, based on alleged violations of his constitutional rights. He was sentenced by the District Court for Pueblo County on December 13, 1965, to a minimum term of five years and a maximum of eight years for burglary. On September 12, 1968, he was released on parole, but on April 29, 1969, he was returned to the institution as a parole violator. Subsequently, the Parole Board determined that he had violated his parole.

Petitioner contends that the failure of the Parole Board to provide him with appointed counsel constitutes a deprivation which voids the proceeding and entitles him to relief. This, according to his argument, is by reason of his absolute due process right to counsel guaranteed by the Fourteenth Amendment of the Constitution of the United States, or, secondly, the violation of his right to be free from discriminatory treatment because of his indigency.

This matter has been carefully briefed and there has been an evidentiary hearing, at which time the regulations of the State Parole Board were introduced and were considered. On the basis of a full consideration of the law and the evi-

dence of the case, we are convinced that the petitioner's claim is wholly lacking in merit.

On the first issue, namely the alleged absolute right to counsel on a parole hearing, defendant relies on Mempa v. Rhay, 389 U.S. 128, 129, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). There the court had deferred the imposition of sentence and had placed the defendant on probation. Subsequently, his probation was revoked for failure to comply with the applicable conditions. The Supreme Court held that there existed a constitutional right to counsel in such proceedings, but based its decision on the fact that sentencing was an essential aspect of the criminal action and of the trial. Undoubtedly, sentencing is an integral part of the case, and this is true whether it occurs immediately after a determination of guilt or is suspended while the accused is on probation.

Cases cited since Mempa v. Rhay by the circuit and district courts have concluded that it does not apply where a probation or a parole revocation proceeding is unaccompanied by deferred sentencing. In determining that there is no right to counsel at a parole revocation proceeding the Court of Appeals for the Tenth Circuit has stated:

> The sole issue which merits consideration is the contention that the parole revocation was invalid because at the hearing thereon the prisoner was not given the opportunity to appear with counsel. We held in Gonzales v. Patterson, 10 Cir., 370 F.2d 94, that the denial to a Colorado prisoner of assistance of counsel at a parole revocation hearing was no ground for federal habeas relief. Since that decision, the United States Supreme Court has decided Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. In that case a state court had deferred sentence and placed the defendant on probation. Later a hearing was held for revocation of probation and the defendant was not afforded the right to counsel. The court revoked the probation. The Supreme Court held

that the defendant was entitled to the assistance of counsel "at the time of sentencing where the sentencing has been deferred subject to probation." * * * No attack is made on the sentence or on the procedures connected therewith. Williams v. Patterson, 389 F.2d 374, 375 (10th Cir. 1968).

Other courts have relied on a similar construction of *Mempa* in concluding that no sixth amendment or due process right to counsel exists in either a probation or parole revocation which is not accompanied by a sentencing procedure. For example, in Sammons v. United States, 285 F.Supp. 100 (S.D.Tex.1968), the district court held that *Mempa* does not support the contention that there is a right to counsel at revocation of probation, since neither deferred sentencing nor any other matter pertaining to the original criminal proceedings was considered at the revocation hearing. In United States ex rel. Bishop v. Brierly, 288 F.Supp. 401 (E.D.Pa.1968), the court held that there was no right to counsel under the due process clause at a state parole revocation proceeding, distinguishing *Mempa* as follows:

> It has long been held that the constitutional right to assistance of counsel in the defense of a criminal prosecution, given by the Sixth Amendment, does not apply to a hearing on a motion to revoke probation. To the extent the revocation-of-probation hearing involves the deferred sentencing procedure employed in *Mempa* this general rule is not applicable. However, where the deferred sentencing procedure is not employed there still does not exist a constitutional right to the assistance of counsel at a revocation-of-probation hearing. 288 F. Supp. at 401–402.

See also Eason v. Dickson, 390 F.2d 585 (9th Cir.), *cert. denied*, 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373 (1968); Rose v. Haskins, 388 F.2d 91 (6th Cir.), *cert. denied*, 392 U.S. 946, 88 S.Ct. 2300, 20 L.Ed.2d 1408 (1968); Holder v. United States, 285 F.Supp. 380 (E.D.Tex. 1968); United States v. Hartsell, 277 F.

Supp. 993 (E.D.Tenn.1967) for a similar interpretation of Mempa v. Rhay.

The right to counsel exists "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 257 (1967). A revocation of probation or parole unaccompanied by deferred sentencing takes place after the criminal proceeding is at an end. The defendant has been convicted and his sentence imposed. Furthermore, no substantial right of the defendant is affected by revocation of probation or parole since probation and parole are matters of grace in the first instance.

There is a major distinction between the right to counsel under the sixth amendment and due process clause of the fourteenth amendment and the right to appointed counsel by virtue of the equal protection clause. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811 (1963). The Supreme Court in *Douglas* held that it was a violation of the equal protection clause to permit retained counsel to present an appeal as a matter of right and to deny appointed counsel to an indigent defendant wishing to present such an appeal. Although the Court limited its decision to appeals as a matter of right, it seems clear that the rationale is potentially applicable to all situations in which the law permits representation by retained counsel in a manner which might substantially benefit a defendant while denying appointed counsel to an indigent defendant. *See also* Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

The Court of Appeals for the Tenth Circuit has recently extended the *Douglas* principle to parole revocation proceedings. Earnest v. Willingham, 406 F.2d 681 (10th Cir. 1969). The *Earnest* court determined that where retained counsel is permitted to represent a defendant in a parole revocation hearing, appointed counsel is required for indigents. In so holding the court stated:

A hearing where witnesses may be heard is contemplated and revocation may very well turn on the resolution of disputed facts or the emphasis to be placed on admitted facts. Ameliorating circumstances may tip the scales against revocation. In these circumstances a revocation hearing is no "perfunctory formality." Nor can it be said that the assistance of counsel at such a revocation hearing is an empty ritual. It may very well spell the difference between revocation and forgiveness. 406 F.2d at 684.

It is clear from the above language that the circuit court placed great emphasis on the substantial contribution which the presence of counsel at a parole revocation hearing might have on the ultimate result. Only where the permitted activities of retained counsel are of substantial benefit to his client does the equal protection clause require counsel to be appointed for the indigent. As the court stated:

Of course, absolute equality between the rich and the poor is not required. The discrimination must be invidious and the right asserted must be of substance and not of form. 406 F.2d at 684.

Although *Earnest* dealt with the right to appointed counsel in a federal revocation of parole hearing, the same reasoning has been used in cases involving state proceedings. *See* Jones v. Rivers, 338 F. 2d 862 (4th Cir. 1964) (Sobeloff, J. concurring specially). In *Jones*, like *Earnest*, the circuit court was considering the discrimination resulting from the permitted presence of retained counsel at revocation hearings and denial of appointed counsel.

However, under Colorado procedures, counsel is not allowed to be present at parole revocation hearings. Letters to the parole board on behalf of the accused may be presented. These are considered along with any other material submitted to the board which pertains to the revocation proceeding. This would include a letter of a lawyer. As indicated in *Earnest* and Judge Sobeloff's opinion in *Jones*, the argument for a constitutional right to appointed counsel under

the equal protection clause does not apply where the services rendered by a retained counsel are slight and not dependent on unique capabilities with which the attorney is endowed by virtue of his legal training. Such furnishing of information cannot be considered legal representation. In the present case there is no indication that the letters submitted by retained counsel to the parole board are given additional weight because they are from an attorney. Nor is there any evidence to the effect that such letters substantially enhance a defendant's ability to prevent revocation of his parole. They are used for informational purposes only, along with all other material submitted to the board.

We conclude that an indigent defendant suffers no substantial disadvantage because an attorney is not made available to him to write letters to the parole board. No invidious discrimination is present and no violation of the equal protection clause has occurred.

The Order to Show Cause is discharged, and the cause of action is dismissed.