Joseph James **BONGIORNO**, Jr., Appellant,

v.

**R. I. MOSELEY**, Warden, Appellee.

No. 237–70.

United States Court of Appeals, Tenth Circuit.

Sept. 9, 1970.

James M. O'Hara, Denver, Colo., for appellant.

Edward H. Funston, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., and Richard L. Meyer, Asst. U. S. Atty., with him on the brief), for appellee.

Before BREITENSTEIN, SETH and HOLLOWAY, Circuit Judges.

## PER CURIAM.

This is an appeal from a denial of appellant's petition for a writ of habeas corpus. The trial court did not hold a hearing but acted instead on the petition and records before it. The petitioner asserts that his constitutional rights were violated because an attorney was not appointed for him to appear at a federal parole revocation hearing, and because no proper hearing was ever held.

The petitioner was sentenced in 1959 for a term of twelve years for bank burglary and was released on parole in 1965. In March 1968 he was arrested at his home on a parole violator's warrant charging three violations of the conditions of his parole. Petitioner retained an attorney and discussions were had with the local parole officer. Petitioner was told that if he waived a local hearing he would receive a prompt hearing at the Leavenworth prison to which he was to be returned. Such a waiver was made, and he was taken to the prison. About forty-five days later and upon a day's notice, a revocation hearing was set at the prison before a member of the United States Parole Board. Petitioner appeared and advised the board member that he could not afford to retain an attorney nor to have witnesses appear at the hearing. He thus requested a continuance for the purpose of obtaining notarized statements of witnesses to show that the reasons for revocation alleged in the violator's warrant were not correct. A continuance was granted "to Washington," and petitioner thereafter provided statements which he forwarded to "Washington" with an explanatory letter. Petitioner later was advised that his parole was revoked. Some ten months thereafter in April 1969 he wrote the Parole Board requesting a new hearing and the assistance of an appointed attorney. This was his first objection to the procedure followed in the revocation of his parole. This request was answered by a letter which advised him that the matter had been reconsidered but no new hearing would be held on the revocation.

The nature of the revocation proceedings and the purpose of State and federal hearings are described in Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; Earnest v. Willingham, 406 F.2d 681 (10th Cir.); Cotner v. United States, 409 F.2d 853 (10th Cir.), and in Alverez v. Turner, 422 F.2d 214 (10th Cir.), and it is not necessary to do so again.

The hearing given petitioner on the revocation, after waiver of a local hearing, was in a form made necessary by the fact the petitioner could not afford an attorney and by his request to submit statements. It cannot be said that under the rules then prevailing the

hearing was a sham or a hollow formality. Petitioner had the opportunity to submit whatever statements and other material he wished. This is in contrast to the unreported district court case of Barentine v. Willingham upon which petitioner places much reliance. Martinez v. Patterson, 429 F.2d 844 (10th Cir.)

 As indicated above, petitioner's hearing was held before the decision in Earnest v. Willingham, 406 F.2d 681 (10th Cir.), and the rule therein announced is not applicable to his hearing. This was part of the administrative process as described in the cases cited above, as contrasted to the proceedings considered in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, and in McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2.

Affirmed.