Leon W. **FIRKINS**, Appellant,

v.

The **STATE OF COLORADO** and the Colorado Division of Paroles, a Political Subdivision, Agents, Officers, and Employees of the State of Colorado and the Colorado Division of Parole, Appellees.

No. 133-70.

United States Court of Appeals, Tenth Circuit.

Nov. 25, 1970.

Robert J. Kapelke, Denver, Colo., for petitioner-appellant.

Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., George E. DeRoos, Asst. Atty. Gen., Denver, Colo., for appellees.

Before LEWIS, Chief Judge, and SETH and HICKEY,* Circuit Judges.

PER CURIAM.

This is an appeal from a denial by the United States District Court for the District of Colorado of an application for a three-judge court and for an injunction against enforcement of the Colorado statutes governing parole and revocation of parole.

In 1967 appellant was convicted in a Colorado State court of "causing death while driving a motor vehicle while under the influence of intoxicating liquors." He was sentenced to serve a term of not less than eighteen months nor more than five years in the State

* Judge Hickey, now deceased, heard the arguments in this case but did not participate in this decision.

prison. On May 30, 1968, appellant was granted parole but his parole was suspended on or about five months later. Appellant met later with the Colorado Parole Board, and the Board determined that his parole should be revoked and that he should serve the maximum sentence.

Appellant has alleged, and appellees have not denied, that he was not afforded representation of counsel at the State hearing on parole revocation, and that he has not been given credit for the period of his sentence served while he was on parole.

This action began as a petition seeking to enjoin appellees from enforcing Colo.Rev.Stat.Ann. 39–17–4, 39–18–1, 39–18–5, 39–18–6 and 39–18–7 (1963), all of which are statutes governing parole and revocation of parole. Jurisdiction was sought to be invoked under 28 U.S.C. §§ 2281 and 2284, the three-judge court provisions. The United States District Court held a hearing on the application for a three-judge court, and denied the application on the ground that no substantial constitutional issue was alleged. The court also denied any requested relief.

The refusal of the single trial judge to invoke the three-judge statute was made on the basis of its determination that petitioner had failed to allege a substantial constitutional question. The trial judge must make such an examination of the complaint and petition. California Water Service Co. v. Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194. Also under these decisions if there is so presented no substantial constitutional question, the single judge must refuse to request that a three-judge court be convened. The trial judge here also denied all relief sought by petitioner. We have serious reservations whether the remedy here sought is available at all to the petitioner since this would appear to be a typical case in which relief should first be sought by

habeas corpus. Our consideration of this appeal does not decide that issue, but in view of the disposition made by the trial court, and the fact that no objection is raised to the remedy, we will consider the case as the trial court did. On appeal the only consideration is whether the trial judge was correct in his conclusion of law that no substantial constitutional question was presented.

■ The proper court to which appeals may be taken from final orders of single judges refusing to request that a three-judge court be convened and also determinations by three-judge courts to dissolve, has been considered by the Supreme Court recently in several aspects. These include the decisions in Mengelkoch v. Industrial Welfare Comm'n, 393 U.S. 83, 89 S.Ct. 60, 21 L.Ed.2d 215; Wilson v. City of Port Lavaca, 391 U.S. 352, 88 S.Ct. 1502, 20 L.Ed.2d 636; Schackman v. Arnebergh, 387 U.S. 427, 87 S.Ct. 1622, 18 L.Ed.2d 865; and Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L. Ed.2d 794. See also, Petuskey v. Rampton, 431 F.2d 378 (Tenth Circuit, September 2, 1970). We hold that the appeal to this court is proper under these cited cases.

■ Appellant's allegations in his petition and argument here attack Colo. Rev.Stat.Ann. 39–17–4 on the ground that the statute precludes the assistance of counsel and a fair hearing. In support of his contention, appellant cites Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and Earnest v. Willingham, 406 F.2d 681 (10th Cir. 1969). In Mempa the Supreme Court held that defendants are entitled to assistance of counsel at hearings concerning revocation of probation. In the Earnest case this court was confronted with a federal statute which had been administratively construed to allow retained counsel at hearings concerning revocation of mandatory release, but which did not allow appointed counsel for indigents at such hearings. We struck down that discrimination, but in

so doing we reiterated the established rule that there is no constitutional right to counsel at such hearings, citing, inter alia, Lavendera v. Taylor, 347 F.2d 989 (10th Cir.1965); Gonzales v. Patterson, 370 F.2d 94 (10th Cir.1966); and Williams v. Patterson, 389 F.2d 374 (10th Cir.1968). In fact, in the Earnest case (406 F.2d at 683), we also noted that Mempa v. Rhay did not require a different result inasmuch as: " * * * Mempa dealt with the right to 'counsel "at the time of sentencing where the sentencing has been deferred subject to probation,"' none of which is here involved." This interpretation of Mempa was recently reiterated in Alverez v. Turner, 422 F.2d 214, 218 (10th Cir. 1970); accord, Martinez v. Patterson, 429 F.2d 844 (10th Cir.1970). Furthermore, in Alverez (422 F.2d at 219) we disposed of the argument that State parole revocation hearings must provide opportunity to present evidence, call witnesses, and confront and cross-examine accusers:

> " * * * [T]he due process clause of the fourteenth amendment does not generate rights to confrontation, nor to cross-examination or compulsory process [at parole revocation hearings]. * * * We also hold that due process does not comprehend the dual rights to witnesses under oath and evidence in conditional release hearings."

Thus the issues raised by appellant have been decided by this and other courts and there remains no substantial question. The trial court so decided and, we hold, correctly so.

 While we have, therefore, had recent occasion to directly examine appellant's first argument, we have only dealt directly with a part of the second argument. Appellant argues that Colo. Rev.Stat.Ann. 39–18–5 and 39–18–6 violate due process in providing that upon revocation of parole no credit shall be given for time served while on parole. A similar statute is found at 18 U.S.C. § 4205. In Weathers v. Willingham, 356 F.2d 421 (10th Cir.1966), we held that the statutory refusal to count time spent on parole when sentence is resumed does not violate due process. This is in accord with the general authority on the point.

In addition to the due process argument, appellant has offered an equal protection argument. The gist of this argument is that the statutes in question militate against the parolee who behaves for the longest period of time while on parole. This argument would only be compelling if such result obtained through no fault of the parolee. It can hardly be said that the statute is at fault because one has more to lose by violating the terms of his parole after he has been on parole for some time. We find no substance in this argument.

We find that appellant's constitutional arguments are, as the District Court held, insubstantial.

Affirmed.