Vicente Piñero SCHROEDER and Maria J. Rodriguez, Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Defendant.

Civ. No. 76–1645.

United States District Court, D. Puerto Rico.

May 19, 1977.

María Dolores Fernós, Pedro J. Varela, Pedro J. Saade Llorens, Sonia A. Rodriguez, Luis A. Suarez, Puerto Rico Legal Services, Inc., Hato Rey, P. R., for plaintiffs.

Rafael Pérez-Bachs, McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz Suria, San Juan, P. R., for defendant.

OPINION AND ORDER

TORRUELLA, District Judge.

Plaintiffs bring this action seeking declaratory and injunctive relief, as well as damages, against Defendant Federal National Mortgage Association (F.N.M.A.), a government-sponsored private corporation established pursuant to 12 U.S.C. § 1716(b). Jurisdiction is invoked under the provisions of 28 U.S.C. § 1337, 28 U.S.C. § 1331 and 28 U.S.C. § 2671.

Before answering the Complaint, Defendant has moved for dismissal for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted.

In considering the instant Motion, we are bound to assume the truth of the facts alleged in the Complaint. *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964). In essence, the Complaint filed by Plaintiffs recites the following:

Angel Lizardi and his wife acquired a home in Bonneville Heights in Caguas, Puerto Rico. The price of the house was paid through a loan insured by the Federal Home Association (F.H.A.) As a guarantee for said loan, the buyers executed a mortgage over the home and expressly renounced their rights to homestead property, as authorized by 31 L.P.R.A. 1851.[1] The mortgaged house changed owners several times until it was acquired by Plaintiffs herein. The deed of purchase stated that a specific amount of the price was reserved "to satisfy in its day the original mortgage over the property *with the same terms and conditions established in the mortgage deed."* (Emphasis supplied).

Subsequently, Plaintiffs defaulted in their monthly payments and Defendant Federal National Mortgage Association, as the entity authorized to file suit in demand for payment of credits insured by Federal Housing Administration, instituted mortgage foreclosure proceedings in the Commonwealth's Courts. A Third Party purchased the property and from the money obtained in the judicial sale, Plaintiffs requested the amount pertaining to the homestead alleging that they had a right to homestead which was not subject to waiver.

The Commonwealth's constitutional claims were litigated in the local courts, including the Supreme Court of Puerto Rico, which decided the constitutional question against Plaintiffs. Thereafter, Plaintiffs initiated the present action, alleging that their property was unduly taken in contravention of the federal due process of law. It is undisputed that this claim was reserved and not litigated in the Commonwealth's Courts.

We will now proceed to determine whether this Court is empowered to entertain the present action and grant the remedies requested by Plaintiffs.

At threshold, we should point out that the bare allegation of a due-process violation is not sufficient to confer federal jurisdiction, *Warrington Sewer Co. v. Tracy,* 463 F.2d 771 (C.A.3, 1972), and the asserted denial of said constitutional guarantee is to be tested by an appraisal of the totality of circumstances in a given case. *Betts v. Brady,* 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942). This is so because due process of law is a flexible concept, and should be translated into specific safeguards only after evaluating the nature of the governmental function involved and the source of the private interest affected by

1. Section 1851 of the Civil Code of Puerto Rico provides, in its pertinent part:
   ". . . The right of homestead is unrenounceable; and any pact to the contrary is declared null, *except that said right of homestead may be renounced in all cases of mortgages secured by or executed on behalf of the Federal Housing Administrator, . . ."* (Emphasis added).

government action. *Thompson v. Washington,* 162 U.S.App.D.C. 39, 497 F.2d 626 (1973); *U. S. ex rel. Martínez v. Alldredge,* 468 F.2d 684 (C.A.3, 1972), cert. denied 412 U.S. 920, 93 S.Ct. 2737, 37 L.Ed.2d 146 (1973).

■ As we stated before Plaintiffs claim that they had a property right i. e., right to homestead, which was unconstitutionally taken by Defendant in the aforesaid foreclosure proceedings. In this context, the Supreme Court of the United States has established the framework within which due process claims such as that presented here must be analyzed. The threshold inquiry is whether Plaintiffs have been deprived of "interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Only when such a deprivation has occurred should Courts explore the remaining question of "the nature of the process that is due." *Morrissey v. Brewer,* 408 U.S. 471, 484, 92 S.Ct. 2593, 2602, 33 L.Ed.2d 484 (1972); *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Wolff v. McDonnell,* 418 U.S. 539, 560–72, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ There is no clear-cut objective test to determine whether a property or liberty right has been abridged. Nevertheless, the Supreme Court has observed that the Constitution itself did not create property interests but only extended protection to interests that already exist and whose "dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth,* supra, 408 U.S., at 577, 92 S.Ct. at 2709.

Against the backdrop of these principles, we must now examine the state law applicable to the instant case, and thus determine whether any property rights entitled to federal procedural protection have been granted by such law.

As we stated before, the Supreme Court of Puerto Rico has already addressed itself to the same controversy now before us. In *Federal National Mortgage Association v. Vicente Piñero Schroeder,* Sentence of September 1, 1976, that Court, citing the case of *Carlo v. Junghams,* 47 P.R.R. (1934), held that the buyer of a mortgaged property has no better right than his predecessor in title when the right to homestead has been legally renounced. The Court expressed that since Plaintiffs herein consciously assumed the original mortgage, they were precluded from altering its terms.

In this regard, the Court stated:

"  .   .  Appellant's contention that each subsequent buyer shall renounce to the homestead personally and expressly, evades the contractual reality that *in the transfer of the immovable he did not receive any right to the exemption of $1,500, therefore he had nothing to renounce.* His position cannot be better than the seller's."

*Federal National Mortgage Association v. Piñero Schroeder,* supra, at 2 (Emphasis supplied).[2]

The right to homestead has been created by the Legislature of the Commonwealth of Puerto Rico, 31 L.P.R.A. 1851–1857, and not by the Federal Constitution. The above-stated judicial interpretation of the statutory provisions involved in this case clearly reveals that, under the Law of Puerto Rico, Plaintiffs cannot claim any proprietary interest within the ambit of the Fourteenth Amendment. *Board of Regents v. Roth,* supra. Therefore, it is not our province to determine "the nature of the process that is due," *Morrissey v. Brewer,* supra, since no due process protection can be arguably invoked. *Jordon v. Keve,* 387 F.Supp. 765, 769 (D.C.Del.1974).

In view of the foregoing, it appears to a legal certainty that Plaintiffs' constitutional claim is wholly insubstantial and should therefore be dismissed. See *Bela Seating Co. v. Advance Transp. Co.,* 344 F.Supp. 854 (D.C.Ill.1972); *Pierre v. Jordan,* 333 F.2d 951 (C.A.9, 1964), cert. denied 379 U.S. 974, 85 S.Ct. 664, 13 L.Ed.2d 565 (1964).

2. Our translation.

WHEREFORE, the Clerk of the Court is hereby ordered to enter judgment dismissing the Complaint filed in this case.

IT IS SO ORDERED.