Marshall CLARK, Petitioner-Appellant,

v.

Lewis B. STEVENS, Warden, et al., Respondents-Appellees.

No. 14426.

United States Court of Appeals Sixth Circuit.

June 9, 1961.

there is a showing that the Board acted capriciously or that it abused its discretion. Christianson v. Zerbst, 10 Cir., 89 F.2d 40; Freedman v. Looney, 10 Cir., 210 F.2d 56, 57.

The appellant left his home State of residence and failed to report to the Board of Parole, as required by law. This occasioned the Board's revocation of his parole; and there is certainly no abuse of discretion by the Board.

For the reasons stated in the memorandum opinion of Chief Judge Levin, and for the reasons stated herein, the judgment of the district court denying the petition and dismissing the action is affirmed.

---

Marshall Clark, in pro. per.

Lawrence Gubow, U. S. Atty., Detroit, Mich., for appellees.

Before MILLER, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

ORDER.

The petitioner, Marshall Clark, has appealed from an order denying his petition for writ of *habeas corpus*. His contention is that, upon his release, the Board of Parole lost jurisdiction under the Mandatory Release Act. However, it is well settled that a released prisoner remains on parole until the expiration of the maximum term for which he was sentenced. The jurisdiction of the Board of Parole over a parolee or released prisoner would be the same. See Section 4203(a), Title 18 U.S.C.A. See also Section 4164, Title 18 U.S.C.A.

The courts of the United States will not interfere in cases where the Board of Parole revokes a parole upon evidence showing a violation of the parole, or the mandatory release, unless