UNITED STATES of America ex rel.
Hubert Allan BRADSHAW,
A–35254, Petitioner,

v.

J. J. PARKER, Warden, Northeastern
Federal Penitentiary, Respondent.

No. 1146.

United States District Court
M. D. Pennsylvania.

Dec. 31, 1969.

Hubert Allan Bradshaw, pro se.

No appearance for respondent.

OPINION

FOLLMER, District Judge.

Hubert Allan Bradshaw, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, has submitted to this court, in forma pauperis, a petition for a writ of habeas corpus.

▮ Relator avers that on November 6, 1968, he was taken into custody on a parole violator's warrant. A revocation hearing was held in January of 1969 at which time petitioner's parole status was revoked. As grounds for his allegation that he is being held in custody unlawfully, relator states that (1) he was deprived of the right to be represented by counsel at his parole revocation hearing; (2) the failure to be granted a speedy trial, and (3) the failure of the revocation hearing "to measure up to the constitutional requirements of due process." As authority for his contention that the denial of counsel at the revocation hearing constitutes a violation of his Sixth Amendment rights, petitioner cites the United States Supreme Court decision of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

This case is not controlling here since it involved a Washington State statute which in effect provided for deferred sentencing. In that case, the petitioner was convicted in 1964 for the offense of "joyriding." The conviction was based on a plea of guilty. Petitioner was placed on probation for two years and the imposition of sentence was deferred pursuant to the applicable Washington statute. Several months later Mempa was involved in a burglary. A hearing was held at which time his probation was revoked and Mempa was sentenced to ten years with the recommendation that he be required to serve only a year. At this hearing, Mempa was not represented by counsel. The Supreme Court ruled that "a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing." Id., at 137, 88 S.Ct. at 258.

The obvious difference between the facts in *Mempa* and those of the instant petition is that here petitioner has been validly sentenced. By revoking his parole, the United States Parole Board did not sentence petitioner, but reincarcerated him to serve a sentence that had previously been imposed.

Petitioner would have us hold that the recommitment hearing before the Parole Board is a "critical stage" within the meaning of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). There is authority for this position. The United States Court of Appeals for the Tenth Circuit held in Earnest v. Willingham, 406 F.2d 681 (10th Cir. 1969), that "So long as the Board

allows retained counsel at revocation hearings it must provide such for those financially unable to hire one." Id., at 684. That decision however was later limited by the same court in Cotner v. United States, 409 F.2d 853 (10th Cir. 1969). The court there said:

> * * * [I]n this case the appellant at all times has admitted that he violated parole when he left the district without permission. He sought a hearing in order to present evidence that would persuade the Board to overlook the violation. In these circumstances, the failure to provide appointed counsel does not constitute invidious discrimination and therefore is not violative of due process. Id., at 856.

Presumably, the Tenth Circuit has decided to determine the question of whether a parolee is entitled to appointed counsel at a revocation hearing on a case by case basis.

The status of the issue in this circuit is open to question. Recently the Court of Appeals in United States ex rel. Halprin v. Parker, 418 F.2d 313 (3d Cir. 1969), stated:

> Here, too, appellant, caught in Nevada, was patently in violation of his mandatory release commitment. That fact was no longer controvertible. He could only seek the Board's indulgence in excusing his action. For this, as in *Cotner*, and similar decisions he was guaranteed no constitutional right to have counsel assigned to him.

Besides Cotner v. United States, supra, the court relied on the case of Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963), cert. denied sub nom. Thompson v. United States Board of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed. 2d 315 (1963). The rationale and conclusion of this court has always been to me the preferable determination of this problem. Judge, now Chief Justice, Burger writing for the majority of that court, reasoned that "there is a genuine identity of interest if not purpose in the prisoner's desire to be released and the Board's policy to grant release as soon as possible. Here there is not the attitude of adverse, conflicting objectives as between the parolee and the Board inherent between prosecution and defense in a criminal case. Here we do not have pursuer and quarry but a relationship partaking of parens patriae. In a real sense the Parole Board in revoking parole occupies the role of parent withdrawing a privilege from an errant child not as punishment but for misuse of the privilege." Id., at 237. Accordingly the court went on to hold that due process of law did not require that indigent parolees be provided with counsel at revocation hearings.

It is and has been my opinion that as a matter of law, an indigent parolee is not entitled to appointed counsel at a revocation proceeding.

 Petitioner also contends that he was denied the right to a "speedy trial." From what we have said it should be obvious that it is our opinion a revocation hearing is not a "trial" in the traditional sense. Further, a delay of two months is hardly unreasonable.

For the reasons herein set forth, the petition of Hubert Allan Bradshaw for a writ of habeas corpus will be dismissed.