Ray EARNEST, Appellant,

v.

R. I. MOSELEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 539–69.

United States Court of Appeals, Tenth Circuit.

April 14, 1970.

Rehearing Denied May 19, 1970.

Constance L. Hauver, Denver, Colo., for appellant.

Richard E. Oxandale, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., with him on the brief), for appellee.

Before LEWIS and SETH, Circuit Judges, and BRATTON, District Judge.

SETH, Circuit Judge.

This is an appeal from the United States District Court for the District of Kansas where appellant's petition for a writ of habeas corpus was denied after an evidentiary hearing.

Appellant, while on a re-mandatory release, was arrested on May 29, 1967, in Fort Madison, Lee County, Iowa. At the time of the arrest appellant was in the company of a former inmate of the United States Penitentiary at Leavenworth, Kansas. Under the conditions of his re-mandatory release, appellant was not to leave the Eastern District of Missouri without the permission of his probation officer nor was he to associate with persons having a criminal record, bad reputation, or engaged in questionable occupations. The charge supporting the arrest was the possession of burglary tools, which charge was not prosecuted.

Appellant was thereafter taken into custody by the United States Marshal and placed in the Polk County Jail in Des Moines, Iowa. Several days later, a United States probation officer in Des Moines, in what apparently constituted the required "preliminary interview," asked the appellant if he wished to have a local revocation hearing or would prefer to have the revocation hearing in a federal penal institution. Appellant was told at this time that he could retain counsel and call witnesses but that he must do both at his own expense. Appellant stated that he was unable to retain counsel or call witnesses but that he wanted both and would not sign any waivers as to his rights to either.

Appellant was later returned to the United States Penitentiary at Leavenworth, and shortly thereafter he was informed that a member of the Board of Parole was at the penitentiary and that he would be given a revocation hearing. Appellant was advised that he could be represented by counsel and call witnesses provided that he would pay for them. Appellant again stated that he was unable to retain counsel or pay for witnesses and again refused to waive any rights to counsel or to call witnesses.

A revocation hearing was held at the penitentiary by William F. Howland, Jr., a member of the Board of Parole. In the absence of an attorney, Earnest refused to comment on the alleged violations of the conditions of his mandatory release. Earnest indicated that he was not guilty of the violations with which he was being charged although he did concede that he was arrested outside of the district and thereby admitted a violation of a condition of his release. By order dated the same day as the revocation hearing and signed by William F. Howland, Jr. and Walter Dunbar, an-

other member of the Board, Earnest's re-mandatory release was revoked.

The appellant was before this court earlier in Earnest v. Willingham, 406 F.2d 681 (10th Cir.), where this court held that the United States Board of Parole could not constitutionally permit an attorney to appear at a revocation hearing for those financially able to retain one, without providing counsel for the indigent parolee. The case was remanded to the District Court. On remand, the District Court held a full evidentiary hearing at which appellant appeared and admitted facts which would constitute a re-mandatory release violation. On the basis of our decision in Cotner v. United States, 409 F.2d 853 (10th Cir.), the District Court again denied the petition for a writ of habeas corpus, and an appeal was again taken.

The appellant suggests three grounds for reversal of the District Court's decision. The first invites a reconsideration of this court's decision in Cotner v. United States. In that case we held that where the parolee or releasee did not contest the operative facts of his violation, the failure to appoint counsel to represent him at the revocation hearing is not violative of due process.

■ The regulations of the Board of Parole, published in 28 C.F.R. § 2.31, now provide that a mandatory release violator may be represented by counsel at his revocation hearing. It is this regulation, along with the decisions in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, which compelled this court to hold in Earnest v. Willingham, 406 F.2d 681 (10th Cir.), that while presence of counsel at a revocation hearing is not constitutionally mandated, it would be violative of Fifth Amendment due process to permit counsel to appear for those able to afford it and to refuse to appoint counsel for the indigent. The limits of the decision in Earnest v. Willingham were carefully set out in Cotner v. United States, 409 F.2d 853

(10th Cir.), wherein we held that the mandatory releasee is not entitled to appointed counsel when the factual issues relating to whether or not he violated the conditions of his release were not contested. The record in the case now before us adequately demonstrates that the appellant admitted a violation of the terms of his mandatory release, and Cotner v. United States is dispositive of this issue. See also Alverez v. Turner, 422 F.2d 214 (and consolidated cases, Tenth Circuit), arising from State parole violations.

The appellant has raised two other issues dealing with the scope of the Parole Board's discretionary authority. The first of these questions whether the Board may revoke a mandatory release without making a determination on the record of whether or not the releasee is a good parole risk.

■ It is apparent that the discretion of the Board of Parole with regard to revoking a conditional release is very broad. Hyser v. Reed, 115 U.S.App. D.C. 254, 318 F.2d 225. Unless it is clearly shown that the Board has abused its discretion in revoking a conditional release or parole, the courts will not interfere. Freedman v. Looney, 210 F.2d 56 (10th Cir.); Clark v. Stevens, 291 F.2d 388 (6th Cir.). The mere fact that the record fails to make a positive showing that the Board considered the question of whether or not the releasee would be a good parole risk is not, in and of itself, sufficient to show that the Board has abused its discretion or acted capriciously.

■ In United States ex rel. Hitchcock v. Kenton, 256 F.Supp. 296 (D. Conn.), relied on by appellant, there were additional factors which led the court to hold that the Board had abused its discretion in failing to consider whether or not the parolee was a good parole risk. In that case, the parolee had been held for some 141 days before being scheduled for a parole revocation hearing. Even then the hearing was scheduled only after the court had is-

sued an order to show cause why the parolee's petition for a writ of habeas corpus should not be granted. In response to the court's order the Board held a special emergency revocation hearing which was at best perfunctory. The examiner who held the hearing in the cited case testified at the habeas corpus hearing that the Board made no determination as to whether the parolee was a good parole risk and that he had made no recommendation to the Board in that regard. Absent special circumstances such as those presented in United States ex rel. Hitchcock v. Kenton, the finding that the releasee or parolee is not a good parole risk is implicit in the Board's decision to revoke.

■ The appellant's next contention is that the Board of Parole may not delegate to two members of the Board the authority to determine whether or not parole or conditional release should be revoked. We disagree.

■ Title 18 U.S.C. § 4207 provides for a revocation hearing before the Board, a member of the Board, "or an examiner designated by the Board." It then provides:

"The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof."

We see nothing in this language which would compel the conclusion that the entire Board must decide on every parole revocation. The creation of the Board and Congress' vesting in it a very broad discretion carries with it an inherent authority to establish such procedures as will best effectuate Congress' purpose in establishing the Board and the parole system. The Court in Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 242 n. 14, noted that for the fiscal year 1960 the Parole Board held 12,640 hearings of all types and issued 1,016 warrants for the arrest of parole violators and 670 warrants for the arrest of mandatory release violators. To too narrowly circumscribe the authority of the Board to establish its own internal procedures and effectively distribute its work load would impose an undue burden on the Board and, indeed, the entire parole system. As this court said in Christianson v. Zerbst, 89 F.2d 40 (10th Cir.), the proceedings of the Board in revoking the parole or conditional release are presumptively correct. Unless it is clearly shown that the procedures established by the Board are clearly discriminatory or so lacking in fundamental fairness as to deprive the parolee or releasee of due process, or that those procedures are clearly contrary to the statutes creating and regulating the Board, the court will not attempt to substitute its judgment for that of the Board.

Affirmed.

LEWIS, Circuit Judge (concurring):

As indicated in the main opinion this case reaches us for the second time. In our first consideration of Earnest's claims we held that Earnest's parole revocation proceedings were constitutionally faulty and remanded the case with instructions to fashion an appropriate remedy. 406 F.2d 681, 685. Pursuant to our mandate the trial court conducted in May 1969 the evidentiary hearings in the case at bar and in reliance on this court's April 1969 decision in Cotner v. United States, 409 F.2d 853, denied relief to appellant. I am in complete agreement that Cotner is now dispositive of the present issues and consequently concur. But in so doing I must freely admit that I am unable to subjectively reconcile the rationale of the two cited cases.