**Earl VAN BLARICOM, Petitioner-Appellant,**

v.

**Donald FORSCHT, as United States Marshal, Respondent-Appellee.**

**No. 72-1374.**

United States Court of Appeals, Fifth Circuit.

Dec. 14, 1973.

As Amended Jan. 15, 1974.

Rehearing En Banc Granted Feb. 20, 1974.

J. V. Eskenazi, Federal Public Defender, Theodore J. Sakowitz, Asst. Federal Public Defender, Miami, Fla., for petitioner-appellant.

Robert W. Rust, U. S. Atty., Carol M. Anderson, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before RIVES, WISDOM and RONEY, Circuit Judges.

ON PETITION FOR REHEARING

PER CURIAM:

Our original holding was contained in Part I, "Statutory Requirements," and was that the procedure employed in revoking appellant's parole was improper because only two out of three members of the eight-man Board voted for revocation of his parole, while the statutory mandate, 18 U.S.C. § 4207, and the implementing regulation, 28 C.F.R. § 2.40, call for revocation by the "Board."

Under Part II, "Constitutional Requirements," we engaged in "a brief dis-

cussion of the minimum requirements of due process * * * appropriate for the guidance of the district court and possibly of the Board in such further proceedings as may ensue upon remand." We adhere to our holding under Part I, "Statutory Requirements" and briefly answer the appellees' attacks upon that holding.

■ (1) Appellees argue that 28 C. F.R. § 2.22 which provides for a quorum of two members of the Parole Board in hearings on *granting* parole, coupled with the succeeding section, § 2.23, contains language broad enough to apply to *revocation* hearings. We think section 2.22 applies to hearings on granting parole and not to hearings on revoking parole. While section 2.23 does refer to revocation hearings, it merely sets out a procedure for interested persons to petition before the Hearing Board and does not attempt to designate a two-member quorum. Section 2.40 is clearly the section applicable to parole revocations. That section does not seek to provide that a quorum of the eight-member Board shall be anything less than a majority of that Board. We need not, therefore, discuss the validity vel non of an attempt to provide for a two-member quorum for revocation of parole, for the directives of the Board itself make no such attempt.

On original hearing, we held that the Board's Directive No. 6, 28 C.F.R. § 2.-40, and the Board's procedural practice pleaded in this case, quoted in footnote 4 to our original opinion, "relieve us of the necessity of deciding whether or not this Circuit should render a decision contrary to the holding of the Tenth Circuit in Earnest v. Moseley, *supra* [10 Cir., 1970, 426 F.2d 466, at 469]." *Moseley* was decided April 14, 1970, rehearing denied May 19, 1970. The present edition of C.F.R. would seem to indicate that on October 1, 1970, the Board issued its Directive No. 6, now appearing at 28 C.F.R. § 2.40. The appellees insist that the substance of section 2.40 existed in similar form years prior to the decision in *Moseley* and that October 1, 1970, was merely the date of an irrelevant amendment to that section. If that much be granted, we do not think that it affects the validity of our holding. Section 2.40 in its present form was expressly published by the Board as effective on and after October 1, 1970, several months after the decision in *Moseley*.

We find no sufficient reason to depart from our holding that the procedure employed in revoking appellant's parole did not conform with the then applicable administrative procedure of the Board itself.[1]

1. February 21, 1973 was the date of the original decision of this appeal. On March 31, 1973 the respondents (appellees) filed a brief in which, for the first time, they sought to place reliance upon portions of a publication styled "Rules of the United States Board of Parole, effective January 1, 1971." We are not advised as to whether or where those "rules" have been published in the Federal Register as required by 5 U.S.C. § 552 and 44 U.S.C. § 1507. Suffice it to say that the belatedly cited "rules" have not convinced us of any error in our original holding.

We adhere to our decision to base that holding on a narrow ground in deference to the holding of the Tenth Circuit in Earnest v. Moseley, 1970, 426 F.2d 466, 469. Nonetheless the doubt which we expressed as to the validity of that holding has been strengthened by the following considerations. Discretion is vested in the eight member Board of Parole (18 U.S.C. § 4201) to revoke an order of parole, terminate the parole, modify its terms and conditions, and require the prisoner to serve all or any part of the remainder of the term for which he was sentenced. (18 U.S.C. § 4207). Federal Trade Commission v. Flotill Products, Inc., 1967, 389 U.S. 179, 183, 184, 88 S.Ct. 401, 19 L.Ed.2d 398, held that absent a contrary statutory provision, the common law rule applies to the ascertainment of the number of members required to act for a collective body. The common law rule, according to that case, is that it requires a majority of a quorum which constitutes a majority of the collective body to act for the body. Under that decision, it would seem that five members would constitute a quorum of the eight member Board and that the discretion vested in the Board could, in no event, be exercised by less than three members constituting a majority of that quorum.

We now withdraw that part of our original opinion appearing under Part II, "Constitutional Requirements," as unnecessary to this decision, except to say that the minimum standards of constitutional due process imposed on the Federal Board of Parole certainly are no less than those imposed on the State Boards of Parole. See Bolling v. Sharpe, 1954, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884. The requirements of due process imposed on state boards by *Morrissey* (Morrissey v. Brewer, 1972, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed. 2d 484) are made "applicable to future revocations of parole" (408 U.S. at 490, 92 S.Ct. at 2604). Since we have vacated the attempted revocation of appellant's parole, the minimum requirements of due process applicable to any future revocation hearing would be no less than those prescribed in *Morrissey* (408 U.S. at 489, 92 S.Ct. 2593). The present case does not involve any question as to the retroactivity vel non of the Supreme Court's holding in *Morrissey*. Our further discussion of "Constitutional Requirements" in the original opinion was not appropriate for the guidance either of the district court or of the Board and is, therefore, withdrawn.

The petition for rehearing is denied.

### ON PETITION FOR REHEARING EN BANC

Before BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, RONEY, and GEE, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc.

It is ordered that the cause shall be reheard by the Court en banc on briefs without oral argument.