**Earl VAN BLARICOM, Petitioner-Appellant,**

v.

**Donald FORSCHT, as United States Marshal, Respondent-Appellee.**

No. 72–1374.

United States Court of Appeals, Fifth Circuit.

March 6, 1974.

J. V. Eskenazi, Federal Public Defender, Theodore J. Sakowitz, Asst. Federal Public Defender, Miami, Fla., for petitioner-appellant.

Robert W. Rust, U. S. Atty., Carol M. Anderson, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before BROWN, Chief Judge, RIVES, Senior Circuit Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, RONEY and GEE, Circuit Judges.

PER CURIAM:

Appellant Earl Van Blaricom filed for habeas corpus relief in United States District Court on November 9, 1971 contesting the validity of the revocation of

his parole as a federal prisoner. The district court denied Van Blaricom's petition by an order entered December 20, 1971. On February 21, 1973, a panel of this Court reversed and remanded to the district court to grant either appellant's petition for habeas corpus or to allow respondents a reasonable time to afford appellant a new revocation hearing meeting applicable federal statutory and administrative requirements discussed in the panel opinion. Van Blaricom v. Forscht, 5 Cir., 1973, 473 F.2d 1323 (1973); petition for rehearing denied and opinion modified per curiam, 5 Cir., 1973, 489 F.2d 1034; opinion denying petition for rehearing amended, (January 15, 1974). The court voted to consider the case en banc and it was so considered on January 15, 1974, after the panel had amended its opinion denying the petition for rehearing.

Appellant was released on bond pending appeal pursuant to an order of this court dated July 13, 1972. It has now been made to appear that prior to our February 21 panel decision, an order was entered by the United States district court revoking appellant's bond for cause. (The district court order was dated January 10, 1973). An evidentiary hearing was held by the district court prior to entering the order revoking bond.[1] At that hearing, appellant's counsel, who has represented Van Blaricom from the time of the parole revocation hearing, conceded that Van Blaricom had violated the conditions of his appeal bond,[2] and that he, as well as parole board officials, have been unable to contact Van Blaricom at his last given address. The district court directed the issuance of a warrant for Van Blaricom's arrest, and as of the time of our en banc consideration on January 16, 1974, appellant's whereabouts were still unknown to the authorities.

■■ It is within the discretion of this Court not to reach the merits of an appeal where the petitioner is not available and subject to any judgment which might be entered in the case. United States ex rel. Bottoms v. Eberhardt, 5 Cir., 1972, 467 F.2d 578; United States v. Shelton, 5 Cir., 1973, 482 F.2d 848; Brinlee v. United States, 8 Cir., 1973, 483 F.2d 925; United States v. O'Neal, 10 Cir., 1972, 453 F.2d 344; Johnson v. Laird, 9 Cir., 1970, 432 F.2d 77.[3] *See* Molinaro v. New Jersey, 1970, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586. Since Van Blaricom was a fugitive prior to the panel's decision, the opinion of this court February 21, 1973, as modified, *supra,* is vacated and the appeal is removed from the docket without prejudice to appellant's right to have the appeal reinstated on appropriate motion if, within thirty (30) days from the date hereof, it should be made known to this Court that Van Blaricom is available and subject to any judgment which might be entered in this case. If thirty (30) days elapses without such a representation his appeal is ordered dismissed.

Panel opinion vacated; appeal removed from docket on condition.

RIVES, Senior Circuit Judge, with whom WISDOM, Circuit Judge, joins, dissenting:

I respectfully dissent because I think that the only just determination of this appeal is by a decision on the merits. Otherwise stated, the en banc court should answer the question: Could two members of the eight member Board of Parole validly revoke Van Blaricom's parole and require him to serve his full

1. The record in this court has been supplemented by a transcript of the evidentiary hearing and a certified copy of the order revoking bond.

2. The bond itself contains a provision which requires Van Blaricom to keep his counsel advised of his whereabouts at all times.

3. After the Court of Appeals ordered the appellant Johnson to submit to the jurisdiction of the Court within thirty (30) days or have his appeal dismissed, Johnson surrendered to military authorities within the requisite time span and the Court proceeded to render a decision on the merits. Johnson v. Laird, 9 Cir., 1970, 435 F.2d 493.

term remaining at the *beginning* of his parole. To this date, there has been no denial of the panel's finding that the precise terms of the order of revocation was a one-sentence order, "Parole revoked continued for term, 542 days." Van Blaricom v. Forscht, 5 Cir. 1973, 473 F.2d 1323, 1326, bottom of first column.

The original panel (Rives, Wisdom and Roney) answered that question forthrightly. In deference to the holding of the Tenth Circuit in Earnest v. Moseley, 1970, 426 F.2d 466, 469, the panel limited its holding to the narrow ground that, "As best we can determine, the procedure employed in revoking Blaricom's parole did not conform with the then applicable administrative procedure of the Board itself." 473 F.2d 1328. The panel did express its difficulty in squaring the holding of the Tenth Circuit with the more doctrinaire logic of Cudahy Packing Company v. Holland, 1942, 315 U.S. 357, 363, 364, 62 S.Ct. 651, 86 L.Ed. 895, and its progeny (473 F.2d at 1328, first column). In denying the Board's petition for rehearing on December 14, 1973, the panel adhered to the narrow ground of its original holding but in a footnote added on January 15, 1974, the panel called attention to Federal Trade Commission v. Flotill Products, 1967, 389 U.S. 179, 183, 184, 88 S.Ct. 401, 19 L.Ed.2d 398 and concluded that, "Under that decision, it would seem that five members would constitute a quorum of the eight member Board and that the discretion vested in the Board could, in no event, be exercised by less than three members constituting a majority of that quorum."

Now the en banc court avoids any discussion of the merits by holding that Van Blaricom was a fugitive prior to the panel's decision and opinion of February 21, 1973, vacating that opinion as modified, and removing the case from the docket without prejudice to its reinstatement, if Van Blaricom returns and so moves within thirty (30) days, and with the final provision that "If thirty (30) days elapses without such a representation his appeal is ordered dismissed."

That order is entered by the en banc court sua sponte, without suggestion by either party. Both parties have consistently pressed for an en banc decision on the merits. Such a decision is obviously important to the Board, to courts, parolees and others for jurisprudential reasons. As to Van Blaricom, the failure to render a decision on the merits may well result in a future unjust and unlawful deprivation of his liberty.

With deference, I submit that the en banc court's conclusion that Van Blaricom was a fugitive prior to the panel's decision and opinion of February 21, 1973, is not justified. The basis of that conclusion is the fact now known to this Court that the district court revoked Van Blaricom's bail bond by order dated January 10, 1973. The first notice to the Court of Appeals of that order was a comment in footnote 1 at page 2 of appellee's brief filed March 27, 1973, more than a month after the panel's decision and opinion of February 21, 1973. Apparently neither of the parties considered the district court's order of January 10, 1973, to be relevant to this Court's disposition of Van Blaricom's appeal.

The "3rd Supplemental Record on Appeal" filed January 25, 1974, contains the proceedings in the district court hearing of January 10, 1973, at the conclusion of which the district court revoked Van Blaricom's bail bond and ordered his arrest. A few quotations from those proceedings show that counsel on both sides and the district judge himself were all under the erroneous impression that Van Blaricom had only a few more days to serve before completing his sentence. First, on page 2 of the brief proceedings, Mrs. Carol Anderson, Assistant United States Attorney, states: "That case was appealed to the Fifth Circuit and the Fifth Circuit ordered that the Petitioner be released on bond pending appeal *because he only*

*had a few days to serve.* We have had no decision from the Fifth Circuit." (Emphasis supplied.)

Next, on pages 5 and 6, appears a colloquy between the Court and Mr. Sakowitz, the public defender, appearing for Van Blaricom:

"THE COURT: His obligation is to keep you advised and it is not for you to have to find him.

"MR. SAKOWITZ: He had kept me advised of two moves which I reported to Probation, but I might suggest to your Honor that there is no question he should have complied with the Order and was aware of the fact that he is to notify us of any change of address.

"But my recollection is that *the period left on his sentence is either three days or five days*, and it would just seem to be, as a matter of practical expedience, impractical to have a warrant out for the violation of this Order at this time." (Emphasis added.)

Lastly, on page 7, appears the following remark of the district judge:

"To me it isn't a question of *the short time remaining of the sentence* but the fact that he was wilfully violating the Order. And in the interest of justice I think it would be well to try to locate him and apprehend him." (Emphasis added.)

Actually, under the order of revocation, Van Blaricom has a much longer time remaining to serve on his sentence.

It may well be that Van Blaricom was no better informed than were the counsel on both sides and the judge. Van Blaricom may well be not a "fugitive" at all, but, instead, blissfully unaware that he has not completed service of his sentence, and hence is under a continuing duty to report. When his appeal is dismissed and he is ultimately arrested and imprisoned, there will indeed be a rude awakening, and, in my opinion, an unjust deprivation of his liberty.

With deference, I submit that the disposition of this appeal by the en banc court does not meet the first test of our Federal Rules of Criminal Procedure for "the just determination of every criminal proceeding." (Rule 2.) See also 28 U.S.C. § 2106. I therefore respectfully dissent.