Wilbur Dean COX, Petitioner-Appellee,

v.

W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellant.

No. 73–1991.

United States Court of Appeals, Fifth Circuit.

May 1, 1975.

424

Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Robert G. Richardson, Harry H. Walsh, Staff Counsels, Huntsville, Tex., for petitioner-appellee.

Before THORNBERRY, SIMPSON and CLARK, Circuit Judges.

PER CURIAM:

The grounds upon which the district court granted the appellee's petition for writ of habeas corpus are effectively foreclosed by the recent decision of this court en banc in Van Blaricom v. Forscht, 5 Cir. 1975, 511 F.2d 615, No. 72–1374, April 18, 1975.[1] Accordingly, we vacate the judgment below and remand for dismissal of the petition.

Petitioner was sentenced May 26, 1947 by his Texas trial court to 30 years confinement following a guilty plea to a charge of robbery by assault. Shortly thereafter, on April 22, 1948, petitioner received a conditional pardon and a release from custody. Following release, he was three times convicted for minor offenses involving drunkenness. After he was charged in 1954 in Harris County, Texas, with felony theft, the petitioner's pardon was revoked and he was returned to prison to serve his original sentence.

On March 4, 1959, the petitioner was paroled and again released from custody. On grounds that he was unable to "fulfill the terms and conditions of his parole," his parole was revoked on December 2, 1963. The alleged parole violations consisted of "(1) being intoxicated and creating a disturbance in a beer lounge, and (2) driving while intoxicated, followed by a 1963 charge against Petitioner for simple assault for an alleged assault upon his step-father."

Petitioner spent the next eight years in prison without being directly advised of the grounds for his parole revocation and without being afforded a hearing at which he could present his version of the events leading to the revocation.[2] Finally, in October 1971, Cox requested the hearing to which he claimed he was entitled under Texas Code Crim.Proc., art. 42.12, § 22 (1965), as amended, Texas Code Crim.Proc., art. 42.12, § 22 (1973).[3] This request was denied as "long overdue and out of order."

1. We withheld disposition of the case at bar pending the decision of the court en banc in Van Blaricom.

2. Cox unsuccessfully prosecuted an earlier suit challenging the constitutionality of that portion of Vernon's Ann.Texas Code Crim. Proc., art. 42.12, § 22 (1965), as amended, Texas Code Crim.Proc., art. 42.12, § 22 (1973), which denied credit to prisoners toward service of sentence for time served on parole in parole revocation cases. See Cox v. Texas, 5 Cir. 1970, 433 F.2d 982.

3. Art. 42.12, § 22 (1965) provided:
Sec. 22. Whenever a paroled prisoner is accused of a violation of his parole on information and complaint by a law enforcement officer or parole officer, he shall be entitled to be heard on such charges before the Board under such rules and regulations as the Board may adopt; providing, however, said hearing shall be held within forty-five days of the date of arrest and at a time and place set by the Board. When the Board has heard the facts, it may recommend to the Governor that the parole be continued, or revoked, or modified in any manner the evidence may warrant. When the Governor revokes a prisoner's parole, he may be required to serve the portion remaining of the sentence on which he was released on parole, such portion remaining to be calculated without credit for the time from the date of his release on parole to the date of his arrest or charge of parole violation.

After exhausting available state remedies, Cox sought habeas relief below. He argued there, as he does here, that he is presently entitled to a hearing on either or both of two theories. Petitioner urges first that *Morrissey v. Brewer*, 1972, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, should be given retrospective application at least so as to require that he be accorded some type of hearing, albeit not necessarily one complying with all of the six standards announced by the Court in *Morrissey*.[4] Second, he contends that he is entitled to a hearing under due process standards firmly established and prevailing in 1963 at the time of his parole revocation, irrespective of whether *Morrissey* is to be applied retrospectively.[5]

Van Blaricom v. Forscht (*en banc*), supra, sounded the death knell to any chance of success for Cox under either theory. There we held: (1) that *Morrissey* was not to be applied retroactively, and (2) that the same result that would be achieved by applying *Morrissey* retroactively—in this case affording a parole revocation hearing—could not be achieved by alternative means. 511 F.2d at 618. There the matter ends.[6]

The judgment of the district court granting the writ is vacated and this cause is remanded with directions to dismiss the petition for habeas corpus.

Vacated and remanded with directions.

---

4. *Morrissey* teaches that minimal due process in parole revocation cases requires:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499. Cox here asserts that retrospective application of *Morrissey* does not require complete compliance with each of these standards, but does require, at the very least, that some type of adversary revocation hearing be afforded.

5. Citing Green v. McElroy, 1959, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377, and Joint Anti-Fascist Refugee Committee v. McGrath, 1951, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817.

6. Also unavailing is Cox's ancillary argument that the principles of Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, preclude application of the waiver doctrine to his failure to demand a hearing under Tex. Code Crim.Proc., art. 42.12, § 22 (1965), Note 3, supra. If, as we have held in Van Blaricom, *Morrissey* is not to be applied retrospectively, Cox's alleged waiver was not a waiver of a recognized constitutional or fundamental right. Hence, no substantial federal question is involved.