**GULF SOUTH PIPELINE COMPANY, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 88–4637.

United States Court of Appeals, Fifth Circuit.

June 28, 1989.

**432**

Charles A. Moore, Robert S. Ballentine, Akin, Gump, Strauss, Hauer, Houston, Tex., for petitioner.

Samuel Sooper, Timm Abendroth, Jerome Feit, Sols., F.E.R.C., Washington, D.C., for respondent.

Before CLARK, Chief Judge, BROWN, and JOHNSON, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

In the appeal of Gulf South Pipeline Company (Gulf South) the principal question is whether the Federal Energy Regulatory Commission (FERC) has delegated to the Director of the Office of Pipeline and Producer Regulation (the Director) the authority to reject as well as accept filings.

*Delegation Leads To Litigation*

Gulf South operates a Hinshaw pipeline [1] in the State of Louisiana under a blanket certificate of public convenience and necessity issued by FERC. As a Hinshaw pipeline, Gulf South is allowed to operate within Louisiana as an intrastate pipeline. A condition of the blanket certificate, however, is that Gulf South was to follow the procedures specified in 18 C.F.R. § 284.123(b)(2) [2] and obtain FERC approval of the proposed rates and charges in regard to *each* transaction contemplated.[3]

As required, Gulf South filed an Initial Report. Gulf South was subsequently informed, on April 29, 1985, by the Director that the Initial Report was deficient because Gulf South had failed under 18 C.F.R. § 284.123(b) to elect to use either a state-approved rate or to file for FERC approval of the rates charged for each service conducted, and further had failed to respond to a staff data request.[4] Gulf South was next informed, in the Director's January 8, 1986 unpublished letter order that its Initial Report had been rejected. Gulf South was instructed at that time that it would be required to file new reports and pay additional filing fees for each of the new services. Gulf South appealed the Director's decision to FERC which affirmed the Director's decision. *Gulf South Pipeline Company*, 43 FERC, ¶ 61,213 (1988), with denial of Gulf South's subsequent pe-

---

1. A Hinshaw pipeline is a pipeline whose facilities are excluded from FERC jurisdiction pursuant to § 1(c) of the Natural Gas Act, 15 U.S.C. § 717(c). Hinshaw pipelines are not subject to FERC "regulation of the transportation and sale for resale of natural gas received within the boundaries of a state, provided (i) all such gas is ultimately consumed within the state, and (ii) the facilities and rates are regulated by the state." *American Gas Association*, 3 Regulation of the Gas Industry, Glossary of Terms, GL–73 (1988).

2. Under 18 C.F.R. § 284.123(b)(2), if an intrastate pipeline does not make an election under paragraph (b)(1) of the section, then it must seek FERC approval of the proposed rates and charges by filing with FERC a report of the proposed rates and charges along with information showing that the proposed rates and charges are fair and equitable. FERC has 150 days after filing to act, otherwise the rate is approved.

3. Under 18 C.F.R. § 375.307(d), the Director may:

> (d) Accept for filing, data and reports required by Commission orders, or presiding officers' initial decisions upon which the Commission has taken no further action, if such filings are in compliance with such orders or decisions; and when appropriate, notify the filing party of such acceptance.

4. In its first appeal to FERC, Gulf South claimed that all its sales gas had been transported by others under rates already authorized pursuant to § 4 of the NGA or § 311 of the NGPA and therefore any further approval granted by FERC would have been redundant. FERC rejected this argument on the grounds that Gulf South was obligated by the terms of the blanket certificate to file the reports. *Gulf South Pipeline Company*, 43 FERC, ¶ 61,213 at 61,552 (1988).

tition for rehearing, *Gulf South Pipeline Company,* 44 FERC, ¶ 61,005 (1988).

On appeal, Gulf South contends that while the Director was delegated the specific authority to accept documents such as the Initial Report filed by Gulf South, he was not delegated authority to reject them.[5]

### How We Judge

■ The standard of review of this Court is one of substantial deference, that is, abuse of discretion.[6] Abuse of discretion in an administrative law setting involving the delegation of powers by the administrative agency occurs when that agency (the Delegator) has allowed the delegated person (the Delegatee) to act beyond the scope of the authority delegated. Thus, we examine the general question of whether or not it was an abuse of its discretion for FERC to interpret its regulation, 18 C.F.R. § 375.307, to allow the Director to reject Gulf South's Initial Report and to require additional filings for each new service.

### Explicit vs. Implicit

■ Gulf South stands on the proposition that any delegation of power by FERC must be explicit. Gulf South's argument rests on two bases. First, with considerable comfort but which are readily distinguishable, it stresses cases in other contexts which have held that the delegation of any powers must be explicitly enumerated by the Delegator.[7] Second, it emphasizes that because 18 C.F.R. § 375.307 expressly identifies specific functions that are delegated to the Director, any function not so specifically delegated must have been retained by FERC.

As FERC has pointed out in *Northern Natural Gas,* 31 FERC ¶ 61,189 (1985), under a self-implementing system of regulation, initial qualifications, disqualifications, and a failure to initially qualify are all automatic because FERC has specified in its established rules the precise conditions under which rates and services are authorized. Initial Reports, consequently, are necessary to determine if the precise conditions are fulfilled. The Director must, necessarily, have the authority to determine if the precise conditions exist which means that if the Director finds that the conditions do not exist, the Director can reject such reports. See, *Northern Natural Gas,* 31 FERC ¶ 61,189, at 61,385 (1985). (FERC

---

**5.** As a preliminary matter, FERC argues that Gulf South is not an aggrieved party with standing to appeal because it has since complied with FERC's order to supply the data to the Director. We reject this contention on the grounds that Gulf South made the additional filings as a protective measure and incurred additional expenses in making the filings. It is therefore entitled to a decision in this case.

**6.** As FERC contends, this appeal is essentially based on its interpretation of its own rules, that is, whether FERC properly interpreted its rule delegating to the Director the power to accept a filing as including the power to also reject a filing. When a circuit court reviews an administrative organization's interpretation of its own rules, the court owes great deference to the interpretation adopted by the administrative organization. *Lyng v. Payne,* 476 U.S. 926, 937–40, 106 S.Ct. 2333, 2341–42, 90 L.Ed.2d 921, 932–34 (1986); *U.S. Larinoff,* 431 U.S. 864, 872–73, 97 S.Ct. 2150, 2155–56, 53 L.Ed.2d 48, 56–57 (1977); *National Trust for Historic Preservation v. Dole,* 828 F.2d 776, 782 (D.C.Cir.1988); and *Puerto Rico Elec. Power Auth. v. FERC,* 848 F.2d 243, 249 (D.C.Cir.1988).

**7.** Gulf South cites, inter alia: *U.S. v. Gemmill,* 535 F.2d 1145 (9th Cir.1976) (The Court ruled

that the powers delegated to a Forest Supervisor by the Secretary of Agriculture were so specific as to preclude the power of the Forest Supervisor to close a forest because that power had not been specifically authorized.); *U.S. v. Emerson,* 846 F.2d 541 (9th Cir.1988) (The delegation of permanent drug scheduling authority by the Attorney General to the Administrator of the DEA did not encompass the power of temporary scheduling delegated to the Attorney General 11 years later by Congress.); *Lopez–Telles v. Immigration and Naturalization Service,* 564 F.2d 1302 (9th Cir.1977) (The Court held that an INS judge was not specifically delegated the power to terminate proceedings that were the object of an appeal.); and *Van Blaricom v. Forscht,* 473 F.2d 1323 (5th Cir.1973), modified *Van Blaricom v. Forscht,* 489 F.2d 1034 (5th Cir.1973), vacated *Van Blaricom v. Forscht,* 490 F.2d 461 (5th Cir.1974), on reh *Van Blaricom v. Forscht,* 511 F.2d 615 (5th Cir.1975) and *cert denied, Van Blaricom v. Forscht,* 423 U.S. 915, 96 S.Ct. 222, 46 L.Ed.2d 144 (1975) (This Court held that the Federal Parole Board's power to revoke parole was delegated to certain members of the Board, but was effectively delegated only pursuant to certain explicit, published federal regulations.).

denied the appeal of a pipeline filing initial reports under 18 C.F.R. § 284.106(a) and 18 C.F.R. § 157.209(g)(1) which were rejected by the Director claiming that the Director was not delegated the authority to reject the filings.)

Furthermore, under 18 C.F.R. § 375.307, FERC authorized the Director to act using, inter alia, such terms as "pass upon," "act upon," "approve," and "accept for filing ... if such filings are in compliance." FERC clearly envisioned that the Director would play an active role in the decision making process and would be something more than a "mail drop" for various types of filings.

FERC could properly arrive at this decision.

AFFIRMED.